[Civ. No. 5489.   Third Appellate District.—May 8, 1936.]

HARRIETT HUSTON et al., Petitioners, v. STATE PERSONNEL BOARD et al., Respondents.

Devlin, Devlin & Diepenbrock for Petitioners.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondents.

THE COURT.—This action is an original proceeding in *mandamus*, brought by ninety-three persons who had been appointed to state positions by and with the State Board of Equalization, and has for its purpose the reinstatement of petitioners to their positions and the recovery of unpaid salaries.

These appointments were made by the State Board of Equalization, which board also fixed the class and grade of position, duties to be performed and salaries to be paid, and had to do with the administration or enforcement of the Retail Sales Tax, State Liquor Control Act and the Motor Transportation License Tax Act, the administration of which had been delegated by the state legislature to the State Board of Equalization. Each of these petitioners held such positions prior to December 20, 1934, but for less than six months prior thereto.

Petitioners contend that upon the enactment of article XXIV of the Constitution they acquired a permanent civil service status under the provisions of subdivision (d) of section 5 of the article referred to, and as a consequence were not subject to dismissal except under the provisions of the Civil Service Act, either for cause, after trial, or by reason of their positions being abolished, or for purposes of economy.

We believe this contention, as well as all other questions raised by petitioners, has been determined adversely to them in the case of *Kennedy* v.. *State Personnel Board*, 6 Cal.

(2d) 340 [57 Pac. (2d) 486], filed May 1, 1936, and upon that authority the alternate writ of mandate heretofore issued is discharged and a peremptory writ is denied.